UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LEAH G.,[1]

    **Plaintiff,**

v.

Case No. 3:20-cv-236
Magistrate Judge Norah McCann King

COMMISSIONER OF SOCIAL SECURITY,[2]

    **Defendant.**

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the applications of Plaintiff Leah G.[3] for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Plaintiff appeals from the final decision of the Commissioner of Social Security denying those applications. This matter is now before the Court, with the consent of the parties, *see Joint Consent of the Parties*, ECF No. 5, on *Plaintiff's Statement of Errors*, ECF No. 10, *Defendant's Memorandum in Opposition*, ECF No. 12, *Plaintiff's Reply*, ECF No. 13, and the *Certified Administrative Record*, ECF No. 9. After careful consideration of the entire record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court grants *Plaintiff's Statement of Errors* and reverses the Commissioner's decision and remands the action for further proceedings.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* S.D. Ohio General Order 22-01.
[2] Kilolo Kijakazi is the Acting Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).
[3] Plaintiff identifies as male.

1

I.      **PROCEDURAL HISTORY**

On February 1, 2017, Plaintiff filed the applications for benefits, alleging disability since August 15, 20015, due to a number of physical and mental impairments  R. 237-49.[4] The applications were denied initially and upon reconsideration and Plaintiff requested a *de novo* hearing before an administrative law judge. R. 152-53. Administrative Law Judge ("ALJ") Deborah F. Sanders held a hearing on March 22, 2019, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. R. 32-68. In a decision dated May 31, 2019, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time from August 15, 2015, Plaintiff's alleged disability onset, through the date of that decision. R. 12-25. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on April 20, 2020. R. 1-6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On March 23, 2022, the case was reassigned to the undersigned. ECF No. 15. The matter is ripe for disposition.

II.     **LEGAL STANDARD**

   A.    **Standard of Review**

In reviewing applications for Social Security disability benefits, "[t]he Commissioner's conclusion will be affirmed absent a determination that the ALJ failed to apply the correct legal standard or made fact findings unsupported by substantial evidence in the record." *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). The United States Supreme Court has explained the

---

[4] The Court will refer to pages in the Certified Administrative Record as "R. __," using the pages as they appear in the Certified Administrative Record.

substantial evidence standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted). In addition, "'[w]here substantial evidence supports the [Commissioner's] determination, it is conclusive, even if substantial evidence also supports the opposite conclusion.'" *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)); *see also Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("Therefore, if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'") (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). "Yet, even if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**B.     Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). "The claimant bears the burden of proof through step four; at step

3

five, the burden shifts to the Commissioner." *Rabbers*, 582 F.3d at 652 (*citing Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b); 416.920(b).  If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c); 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled.  Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d); 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at §§ 404.1509; 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e), (f); 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g); 416.920(g). If the ALJ determines that the

plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III. ALJ DECISION AND APPELLATE ISSUES

The Plaintiff was 27 years old on the alleged disability onset date. R. 23. Plaintiff met the insured status requirement, for purposes of disability insurance benefits, through December 31, 2020. R. 17. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. *Id.*

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: post traumatic stress disorder, major depressive disorder, personality disorder, gender dysmorphia, history of post-concussive syndrome, cervical disc disorder with radiculopathy, and history of bilateral mastectomy. *Id.* The ALJ also found that Plaintiff's obesity, tension headaches, and orbital floor and lateral maxillary sinus fractures were not severe impairments. R. 18.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. *Id.*

At step four, the ALJ found that Plaintiff had the RFC to perform a limited range of medium work. R. 20. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work. R. 23.

At step five, the ALJ found that a significant number of jobs exist in the national economy that could be performed by an individual with Plaintiff's vocational profile and RFC. R. 24. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from August 15, 2015, the alleged disability onset date, through the date of

the decision. R. 25.

Plaintiff disagrees with the ALJ's findings at step four, arguing that the ALJ erred in evaluating the medical source opinions and medical evidence. Plaintiff asks that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Statement of Errors,* ECF No. 10; *Plaintiff's Reply Brief*, ECF No. 13. The Acting Commissioner takes the position that her decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief,* ECF No. 12.

### IV. RELEVANT EVIDENCE

Because the Court concludes that the ALJ erred in failing to evaluate the opinion of Plaintiff's treating chiropractor, the Court will focus on the evidence relating to that issue. Plaintiff testified at the administrative hearing that full-time work is no longer possible because of chronic back and neck pain, suffered after an ATV accident. R. 51. "I'm still in physical therapy now for whatever happened." *Id*. "I can walk but then when I, it depends on how long I walk because then when I sit down it's almost like all of the weight that the walking that I've done just like kind of does like this to my, my spine." R. 52. Sleep is difficult, as well as some household chores, such as mopping. R. 53. Plaintiff engages in stretching and other physical therapies for neck and back pain. R. 57.

Plaintiff presented to Reid Hospital emergency department in April 2017 for neck pain. R. 1024. X-rays of the cervical spine were normal. R. 1047. Plaintiff has also been treated at Richmond Family Care for, *inter alia*, moderate to severe musculoskeletal pain, aggravated by activity and relieved by rest. R. 712. Plaintiff was referred to physical therapy.

In April 2017, Plaintiff began chiropractic care by Barbara E. Howell, D.C., for pain in the upper and lower back and right shoulder. R. 600, 1057 (duplicate). On clinical examination, straight leg raising was positive bilaterally and Fabere test was positive on the left. R. 602. In May, June and July 2017, Chiropractor Howell noted improvement in function and pain with care. R. 582, 584, 586, 588, 590, 592, 658, 660. In August 2017, Chiropractor Howell reported that x-rays documented degenerative joint disease at T11-L1, and that Plaintiff also suffered from complete cervical hypolordosis, thoracic kyphosis and levoscoliosis, for which Plaintiff has undergone chiropractic treatment and physical therapy, although Plaintiff "has been sporadic with treatment." R. 663, 1053 (duplicate). Plaintiff does not use an ambulatory aid. *Id*. Treatment had resulted in "slight change…." R. 664, 1055. Although there had been improvement in those conditions, Plaintiff "still requires strengthening & likely consideration for breast reduction." R. 663, 1053. In addressing Plaintiff's ability to engage in functional tasks, Chiropractor Howell opined, "Pt should limit cervical flexion & repetative [sic] pushing activities. Lifting is limited to 25-30 lbs occasionally." R. 664, 1055.

In September 2017, Leslie Green, M.D., reviewed the evidence in the record at that time, including Chiropractor Howell's August 2017 opinion, R. 102, 106, on behalf of the state agency. According to Dr. Green, Plaintiff could lift and carry up to 50 pounds occasionally and 25 pounds frequently, and could stand/walk and sit about 6 hours in an 8-hour workday. R. 109-10. Plaintiff could operate hand and foot controls without limit except for the noted limitations on lifting/carrying. R. 110.

Plaintiff continued with chiropractic care in September 2017 for continued complaints of neck and back pain. R. 1086. Notes from a November 2017 chiropractic session reflect a "set

back in her care due to an exacerbation causing an increase in her symptomatology." R. 1088. In December 2017, Plaintiff reported a worsening of her symptoms. R. 1090.

Plaintiff underwent a bilateral mastectomy in December 2017. R. 1026.

Plaintiff returned to Chiropractor Howell in May 2018 for a worsening of her pain. R. 1092.

Plaintiff began physical therapy in September 2018 upon referral from her primary care physician for cervical/thoracic/lumbar pain. R. 1030. Plaintiff demonstrated "decreased ROM, strength, and function … secondary to cervical/thoracic/lumbar pain." R. 1034, 1307 (duplicate). Notes from an October 2018 therapy session reflected "increased pain in cervical to mid back." R. 1311. Plaintiff continued to report neck and back pain at November and December 2018 physical therapy sessions. R. 1316, 1326.

Office notes from a December 2018 chiropractic visit indicated that Plaintiff "is progressing …." R. 1095.

In March 2019, Plaintiff presented to an emergency department for complaints of neck and back pain. R. 1340. There was limited range of motion of the neck and back, R. 1345; vertebral point tenderness and muscle spasm were noted. R. 1341. X-rays of the cervical spine were negative. R. 1342. Diagnosis on discharge was muscle strain of the neck and low back. R. 1333.

V. **DISCUSSION**

As noted above, the ALJ found that Plaintiff has the RFC for a limited range of medium work, R. 20, which requires that a claimant be able to lift up to 50 pounds and to frequently lift or carry up to 25 pounds. 20 C.F.R. §§ 404.1567(c); 416.967(c). In making this determination, the ALJ assigned "partial weight" to Dr. Green's opinion: "While the undersigned finds the

opinion appropriately limits the claimant to medium work, the record of evidence warrants additional postural limitations given the nature of the claimant's physical impairments." R. 22. The ALJ made no express mention of Chiropractor Howell's opinion that Plaintiff could lift and carry no more than 30 pounds occasionally.

Plaintiff complains that this failure requires remand of the matter. The Acting Commissioner concedes that the ALJ failed to expressly evaluate Chiropractor Howell's opinion, but argues that a fair reading of the record would permit this Court to "follow the ALJ's reasoning in indirectly rejecting chiropractor Dr. Howell's opinion." *Defendant's Memorandum in Opposition*, ECF No. 12, PageID# 1432. Alternatively, the Acting Commissioner argues, "the ALJ's omission of the chiropractor's opinion was, at most, a harmless error." *Id.* at PageID# 1433. This Court disagrees.

An ALJ must consider all medical opinions in evaluating a claimant's applications for benefits. 20 C.F.R. §§ 404.1527(c); 416.927(c). Under the regulations applicable to claims, like Plaintiff's, filed before March 27, 2017, the opinion of a treating provider must be accorded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is not "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), (4); 416.927(c)(2), (4). The Commissioner must provide "good reasons" for discounting the opinion of a treating provider, and those reasons must both enjoy support in the evidence of record and be sufficiently specific to make clear the weight given to the opinion and the reasons for that weight. *Gayheart v. Comm'r of Soc. Sec*, 710 F.3d 365, 376 (6th Cir. 2013); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007)(citing Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5).

However, a chiropractor–even a treating chiropractor–is not an acceptable medical source entitled to this deference. *See* 20 C.F.R. §§ 404.1527(a)(1); 416.927(a)(1); SSR 06-03p, 2006 WL 2263437, at *45594 (Aug 6, 2006). In the absence of a controlling opinion from an acceptable medical treating source, the ALJ must consider the following factors in deciding the weight to be given to all medical opinions: the examining relationship, the treatment relationship, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion is with the record as a whole, and other factors that "tend to support or contradict the medical opinion." 20 C.F.R. §§ 404.1527(c)(1)-(6); 416.927(c)(1)-(6). However, a formulaic recitation of factors is not required. *See Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) ("If the ALJ's opinion permits a claimant and a reviewing court a clear understanding of the reasons for the weight given a treating physician's opinion, strict compliance with the rule may sometimes be excused.").

Although the Acting Commissioner's arguments are independent of each other, they are based on similar reasoning: the ALJ "indirectly" considered Chiropractor Howell's opinion, or her failure to consider that opinion was harmless, because the ALJ accorded "partial weight" to Dr. Green's opinion and Dr. Green expressly considered and implicitly rejected the chiropractor's opinion. *Defendant's Memorandum in Opposition*, ECF No. 12, PageID# 1429, 1433. Yet, as this Court's summary of the evidence demonstrates, recognition of and treatment for Plaintiff's musculoskeletal impairments continued long after Dr. Green rendered her opinion in September 2017. This Court cannot conclude that Dr. Green would have reached the same conclusion had she had this evidence before her. To hold otherwise would require an assessment and evaluation of evidence that should properly be left to the Commissioner in the first instance.

This Court therefore concludes that the matter must be remanded to the Acting Commissioner for consideration of Chiropractor Howell's August 2017 medical opinion. Moreover, the Court concludes that remand is appropriate even if, on remand, the Acting Commissioner again concludes that Plaintiff has an RFC for a limited range of medium work and is not entitled to benefits.

VI. **CONCLUSION**

The Court therefore **GRANTS** *Plaintiff's Statement of Errors,* ECF No. 10, **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).

Date: June 17, 2022                               *s/Norah McCann King*
                                                  NORAH McCANN KING
                                                  UNITED STATES MAGISTRATE JUDGE