UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**LEAH GARCIA,**

      **Plaintiff,**

      v.

      Case No. 3:20-cv-0236
      Magistrate Judge Norah McCann King

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the motion for an attorney fee under 42 U.S.C. § 406(b) in the amount of $10,697.48. *Motion for Allowance of Attorney Fees*, ECF No. 20. It is represented that the Commissioner neither consents to nor opposes the motion. *Id*. at PageID# 1463.

Following this Court's remand of the matter, the Commissioner awarded benefits to plaintiff, *Notice of Award*, ECF No. 20. Exhibit B, and withheld $ 30,697.48 from Plaintiff's past due benefits for payment to her counsel. *Id*., at PageID# 1473-74. Plaintiff's counsel itemized 22.40 hours of work on Plaintiff's behalf before this Court, *Fee Application*, ECF No. 20, Exhibit C, PageID# 1507-09, which amounts to $477.57 per hour of work. However, counsel also itemized a total of $ 3,444.70 in expenses and advances, *id*., at PageID# 1510, which compares to the previous attorney fee award of $3,200.00 under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *Order*, ECF No. 18. Plaintiff and her counsel agreed to an attorney fee of "25% of the back-benefits awarded or a minimum $3000.00, whichever is greater. . . .". *Agreement*, ECF No. 20, Exhibit A.

By statute, a court must award "a reasonable fee . . . not in excess of 25 per cent of the

1

total past-due benefits." 42 U.S.C. § 406(b).  A fee award should reflect the purpose of the social security program to provide a measure of economic security to the recipient, the extent and type of legal services provided, the complexity of the case, the level of skill and competence required of the attorney, the amount of time spent on the case, the results achieved, and the level at which the favorable decision was made.  20 C.F.R. §§ 404.925(b); 416.1525(b).  A fee agreement between a recipient and her counsel "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriguez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989).  Deductions are permissible when there is improper conduct or ineffectiveness of counsel or when counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or minimal effort expended in the matter.  *Hayes v. Sec'y of Health & Human Servs.,* 923 F.2d 418, 421 (6th Cir. 1990). "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable." *Id*. at 422.  In the final analysis, an award must be "reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Upon consideration of all the appropriate factors, and in light of the Commissioner's determination not to oppose the motion, the Court concludes that the requested fee is reasonable. It is far less than 25% of the past due benefits, plaintiff signed a fee agreement consistent with the requested fee, the requested fee does not reflect a rate of compensation more than twice the standard rate, and it cannot be said that plaintiff's counsel was ineffective or expended minimal effort in the case. The Court therefore determines that $ 10,697.48 is a reasonable fee.

The *Motion for Allowance of Attorney Fees*, ECF No. 20, is **GRANTED**. The Court **AWARDS** plaintiff's counsel an attorney fee of $ 10,697.48 or twenty-five percent (25%) of the past due benefits, whichever is less.

Plaintiff's counsel is **ORDERED** to return to the Plaintiff the fee awarded under the

EAJA promptly upon receipt of the fee awarded under 42 U.S.C. § 406(b).

    **IT IS SO ORDERED**.


Date:  March 8, 2024                                *s/Norah McCann King*
                                                       NORAH McCANN KING
                                          UNITED STATES MAGISTRATE JUDGE